IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY TRINH AND HOA TRAN § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-cv-02500 |
| § | |
| BRANCH INSURANCE EXCHANGE, § | |
| § | |
| Defendant. § | |

## DEFENDANT BRANCH INSURANCE EXCHANGE'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Branch Insurance Exchange ("Branch" or "Defendant") hereby removes the action styled and numbered *Tony Trinh and Hoa Tran v. Branch Insurance Exchange*, Cause No. DC-23-16783, pending in the 162nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiffs Tony Trinh and Hoa Tran commenced this action on September 29, 2023 by filing Plaintiffs' Original Petition ("Original Petition") in the 162nd Judicial District Court of Dallas, Texas—Cause No. DC-23-16783 ("State Court Action").[1]

---

[1] *See generally* Exhibit C-1 [Plaintiffs' Original Petition].

2. This lawsuit arises out of Plaintiffs' claim for coverage under a residential property insurance policy issued by Branch for physical damage allegedly sustained as a result of a wind/hailstorm event occurring on September 4, 2022 ("Claim").[2]

3. Plaintiffs' Original Petition names Branch as the only defendant.[3]

4. Branch files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

5. Venue is proper in this district, because the state court where the action was filed is located in this district.

## II.
## BASIS FOR REMOVAL

6. Section 1332(a) permits removal of state court actions to federal district courts where: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This action satisfies both conditions.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Branch**

7. Plaintiffs Tony Trinh and Hoa Tran are, and were at the time this lawsuit was filed, individuals who are domiciled and reside in the State of Texas and, therefore, are citizens of Texas for diversity jurisdiction purposes.[4]

8. Defendant Branch is an insurance company incorporated in the State of Ohio with its principal place of business in Ohio.[5] Because Defendant Branch is incorporated under the laws

---

[2] *See id.* at ¶¶ 10-11.

[3] *See generally id.*

[4] *See id.* at ¶ 2.

[5] *See id.* at ¶ 3.

of the state of Ohio and its principal place of business is in Ohio, Branch is a citizen of Ohio for purposes of diversity jurisdiction.

9. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and Branch.

**B.   Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, Defendant's burden is satisfied.[6] When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[7]

11. When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met. A party can prove up the amount by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.[8] Demand letters and estimates of damages from the claimant are sufficient to establish the amount in controversy according to this standard.[9]

---

[6] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[7] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[8] *Id.*

[9] *Victor Gloria v. Allstate Vehicle and Property Insurance Company*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018); *Wilson v. Allstate Ins. Co.*, No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017).

12. Here, Plaintiffs' Pre-Suit Demand Letter states that it seeks $77,894.97 in monetary relief, which Plaintiff alleges is the total amount of unpaid covered damage, damages for bad faith, attorneys' fees, and interest.[10] The sum of these amounts exceed $75,000. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

13. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 162nd District Court of Dallas County, Texas.

15. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

16. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a) an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable)—identified as **Exhibit A**;

   b) a copy of the docket sheet in the state court action—identified as **Exhibit B**;

   c) each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date)—identified as **Exhibits C-1 through Exhibit C-4;**

---

[10] See Exhibit E [Plaintiffs' Pre-suit Demand Letter] at p. 4.

    d) a separately signed certificate of interested persons that complies with Local Rules 3.1(c)—identified as **Exhibit D;** and

    e) Plaintiffs' Pre-Suit Demand Letter dated June 19, 2023 as **Exhibit E**.

## IV.
## JURY DEMAND

17. Plaintiffs demanded a jury trial in their Original Petition.

## V.
## JURY DEMAND

WHEREFORE, Defendant Branch Insurance Exchange requests that this action be removed from the 162nd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:   */s/ M. Paige Tackett*
     Steven J. Badger
     Texas Bar No. 01499050
     sbadger@zellelaw.com
     M. Paige Tackett
     Texas Bar No. 24083935
     ptackett@zellelaw.com

**ZELLE LLP**

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT BRANCH INSURANCE EXCHANGE**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on November 9, 2023:

Katherine C. Hairfield
Texas Bar No. 24117833
khairfield@hodgefirm.com
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
**THE HODGE LAW FIRM, PLLC**
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
***Attorneys for Plaintiffs***

                                                   */s/ M. Paige Tackett*
                                                   M. Paige Tackett